UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Malibu Media LLC, | ) | |
|         Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 12-1189 |
| | ) | |
| John Does 1-7, | ) | |
|         Defendants | ) | |

**ORDER**

Plaintiff filed a complaint for copyright infringement on June 14, 2012. It now asks the Court for leave (#3) to serve subpoenas on third parties prior to the Rule 26(f) conference in an effort to ascertain the identities of the John Doe defendants. As stated below, this motion is granted.

The complaint in this matter sets out a copyright infringement based on the John Does' use of the Internet and the BitTorrent protocol to commit that infringement. Each John Doe has an Internet Protocol (IP) number, assigned by his or her respective Internet Service Provider (ISP). The ISPs maintain internal logs recording the date, time and customer identify for each IP address assignment made by the ISP.

Using special software, Plaintiff was able to identify the IP numbers of the alleged infringers. The only way Plaintiff has to actually identify the John Does - so that service of process may be had and the case may truly commence - is to obtain that information from the Internet Service Providers (ISP).

Plaintiff asks for leave to serve Rule 45 subpoenas on the IPSs and any related intermediary ISPs, demanding the true name, address, telephone number, email address, and Media Access Control (MAC) address[1] of each John Doe to whom the ISP issued an IP address.

Parties may generally serve discovery only after a Rule 26(f) conference, "except ... when

---

[1] This address identifies the hardware connected to a network.

authorized by ... court order." Fed.R.Civ.P. 26(d)(1). Courts considering whether to allow expedited discovery generally apply a good cause standard. See Arist Records LLC v. Does 1-19, 551 F.Supp. 2d 1, 6-7 (D.D.C. 2008)(citing cases). See also Fed.R.Civ.P. 26(b)("for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."

Because of the very nature of internet infringement, it is often the case that a plaintiff cannot identify an infringer in any way other than by IP number. Given the substantial federal policy underlying copyright law, it would be a travesty to let technology overtake the legal protection of that policy. Efforts to learn the identity of potential infringers would meet that "good cause" standard, at least if the complaint appears to state a prima facie claim of copyright infringement .

The complaint alleges that it is "the owner of the Registration for the Work which contains an original work of authorship." (Complaint, ¶ 46) The Complaint goes on to plead that, by means of BitTorrent protocol and a BitTorrent Client, the John Doe defendants each "copied the constituent elements of the registered Work that are original" without Plaintiff's authorization (Complaint ¶ 47, 48). This is sufficient for a prima facie showing of copyright infringement. See, 17 U.S.C. §106; In re Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003), *cert. denied*, 124 S.Ct. 1069 (2004).

Plaintiff's motion [#3] is therefore GRANTED and Plaintiff's Motion for hearing [#4] is DENIED as MOOT. It is Ordered:

1. Plaintiff has established that "good cause" exists for it to service third party subpoenas on the Internet Service Providers listed on Exhibit A to the Motion (the "ISPs").
2. Plaintiff may serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address, telephone number, e-mail address and Media Access Control ("MAC") address of the Defendant to whom the ISP assigned an IP Address as set forth on Exhibit A to the Motion. Plaintiff shall attached to any such subpoena a copy of this Order.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to one of the Defendants.

4. Each of the ISPs that qualify as a cable operator as defined by 47 U.S.C. § 522(t) shall comply with 57 U.S.C. § 551(c)(2)(B) by disclosing personal identifying information pursuant to this Order and by notifying each subscriber identified of this Order.

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

ENTER this 1st day of August, 2012.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE