UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK COLLINS, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 1:12-cv-01189-MMM-JAG |
| ) | |
| v. ) | |
| ) | |
| JOHN DOES 1-9, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO JOHN DOE 4'S MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS, OR TO PERMIT INSPECTION OF PREMISE IN A CIVIL ACTION [DKT. 6]**

### I. INTRODUCTION

Plaintiff respectfully requests the Court deny Defendant's Motion because Defendant has not provided a valid reason to quash the subpoena. "While we would like to think that everyone obeys the law simply because it is the law and out of a sense of obligation, we also know that laws without penalties may be widely ignored."[1] Plaintiff has suffered great harm due to infringements committed by thousands of residents in this District and has no option but to file these suits to prevent the further widespread theft of its copyright. As your Honor noted, "because of the very nature of internet infringement, it is often the case that a plaintiff cannot identify an infringer in any way other than by IP number. Given the substantial policy underlying copyright law, it would be a travesty to let technology overtake the legal protection of that policy." DE 5.

---

[1] Pornography, Technology, and Process: Problems and Solutions on Peer-to-Peer Networks Statement of Marybeth Peters The Register of Copyrights before the Committee on the Judiciary 108th Cong. (2003) available at http://www.copyright.gov/docs/regstat090903.html

1

At this stage of the litigation process, Plaintiff has no other option but to file suit against the owners of these IP addresses to obtain the infringers identity. If this Court were to follow Defendant's rationale, Plaintiff would have no recourse against the mass copyright infringement it suffers on a daily basis.

II.     **THIS COURT SHOULD NOT QUASH THE SUBPOENA**

   A.     Plaintiff's Subpoena is Not Unduly Burdensome

This Court granted Plaintiff limited discovery to serve a subpoena on Defendant's ISP because Plaintiff has no other way to identify the Defendants and proceed with its copyright infringement case against them. Plaintiff has requested only the identifying information of the Defendants from their ISPs.

Defendant fails to state any reason why he would be unduly burdenoned if Plaintiff received his name and telephone address. That being said, he relies upon In re BitTorrent Adult Film Copyright Infringement Cases, CIV.A. 11-3995 DRH, 2012 WL 1570765 (E.D.N.Y. 2012) ("In re BitTorent"). This Court recently addressed this exact issue and held, "[o]ne person's cottage industry in harassing lawsuits is another person's vigilant defense of property rights." Patrick Collins, Inc. v. John Does 1-9, 12-CV-3161, 2012 WL 4321718 (C.D. Ill. 2012). While Defendant may seek to avoid contact by Plaintiff, Plaintiff does not hold any improper purpose. When Plaintiff contacts defendants before naming and serving them, Plaintiff seeks to notify of the case, encourage defendants to seek counsel, receive any information regarding their factual circumstances, if defendant chooses, resolve the case early, or otherwise consider evidence to determine if litigation is proper. If Defendant claims he did not infringe the work, Plaintiff will review the information provided by Defendant regarding his situation, receive exculapotry evidence, and determine whether to pursue Defendant as is its obligation under Rule 11. If the

Court prevents Plaintiff from contacting the defendants prior to naming and serving, Plaintff will not be able to enquire as to each defendant's situation. Plaintiff does not persue defendants that are active duty military, businesses with open wi-fi, elderly, or for other reasons that can present themselves. And often times, if a defendant is not the infringer, they are usually able to inform Plaintiff as to the identity of the infringer. That being said, should Defendant request that Plaintiff not contact him, Plaintiff will abide by his request and cease any contact.

As Judge Cudmore noted, "the fact that Collins, and others, may settle these suits quickly also does not indicate any wrongdoing. Settlement of civil disputes is generally a positive outcome, not a negative one." <u>Patrick Collins, Inc. v. John Does 1-9</u>, 12-CV-3161, 2012 WL 4321718 (C.D. Ill. 2012). Here, Plaintiff simply seeks to deter infringement, and be made whole for its losses. Plaintiff has no intention of harassing Defendant and understands that it has a Rule 11 obligation to identify the infringer. "The customers may know who used the Alleged IP Address at issue or whether some spoofing occurred. The identity of the customer is also likely to lead to any neighbor or other person who may have illegally connected to the customer's wireless technology." <u>Id.</u>

    B.    <u>In Re BitTorrent Should Not Be Applied To This Case</u>

Plaintiff respectfully disagrees with the ruling in In re BitTorent. Plaintiff believes the ruling in In re BitTorrent restricts Plaintiff from adequately protecting its copyrights and forces Plaintiff to name and serve defendants before understanding each defendant's situation. Indeed, Judge Brown's decision was rejected by Judge E. Thomas Boyle of the Eastern District of New York, who sits on the same court, only weeks after the opinion was issued. Judge Boyle not only authorized subpoenas in a similar case but also denied a motion to quash finding that joinder was

3

proper. See Malibu Media, LLC v. John Does 1-13, 2012 WL 2325588 (E.D.N.Y. June 19, 2012).

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Dated: October 10, 2012

Respectfully submitted,
NICOLETTI & ASSOCIATES, PLLC

By:   /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel:  (248) 203-7800
Fax:  (248) 203-7801
E-Fax: (248) 928-7051
Email:  paul@nicoletti-associates.com
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Paul J. Nicoletti*