E-FILED
Monday, 11 February, 2013 03:21:20 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Malibu Media LLC, | ) | |
|     Plaintiff | ) | |
| | ) | |
|         v. | ) | Case No. 12-1189 |
| | ) | |
| John Does 1-7 | ) | |
|     Defendants | ) | |
| | ) | |

**ORDER and OPINION**

Now before the Court is Defendant John Doe #4's motion to quash. The motion is fully briefed, and I have carefully considered the matters asserted therein.

The background of this case is set out in detail in another Order entered this date. For purposes of this order, it is sufficient to note that Doe #4 has moved to quash the subpoena issued to his Internet Service Provider (ISP) on 3 grounds. The first argument– that the subpoena should be limited to seeking only the information necessary to serve him with process - was discussed in great detail in the other Order, and the rulings set forth in that Order apply equally here. The subpoena is modified as stated in that Order.

The second basis for his motion is that the subpoena interferes with Doe's reasonable expectations of privacy. I agree with those courts which have held that internet users have no expectation of privacy in the information they have provided to their ISP. "Internet subscribers do not have a reasonable expectation of privacy in subscriber information they have already conveyed to their [Internet Service Providers]." *AF Holdings, LLC v Does 1-162*, 2012 WL 488217 (SD Fla) citing as examples *Boy Racer, Inc. v Does 1–34,* 2012 WL 1535703, at *4 (SD Fla); *Doe v SEC*., 2011 WL 4593181, at *3 (ND Cal); *First Time Videos, LLC v Does 1–18,*

2011 WL 4079177, at *1 (SD Ind); *First Time Videos, LLC v Does 1–500,* 276 FRD 241, 249 (ND Ill 2011). "[A]n individual has no protected privacy interest in their name, address, phone number, e-mail address, or Media Access Control address when there is an allegation of copyright infringement." *First Time Videos,* 2011 WL 4079177, at *1. Thus, whatever privacy interest Doe#5 may have in the limited information now ordered to be disclosed is overcome by the Plaintiff's need to identify and pursue litigation against these purported infringers. *Arista Records LLC v Does 1–19,* 551 F Supp 2d 1, 8–9 (DDC 2008); *Liberty Media Holdings,* 2011 WL 5161453, at *7; *Maverick Entertainment Group, Inc. v Does 1-2, 115*, 810 FSupp2d 1 (DDC 2011). To that extent, the motion is denied.

The third basis for quashing the subpoena, asserts Doe #4, is that release of his information "will not lead to sufficiently reliable evidence warranting the Defendant to be named in the underlying lawsuit." Rather than preparing a memorandum in support of this argument, he simply attaches the order entered by U.S. Magistrate Judge Gary R. Brown in *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765 (EDNY). In his Order, Judge Brown expressed concerns about whether an IP address can be traced to an individual owner. Those concerns have been echoed in opinions issued by other courts; not all of them agree with Judge Brown, and I join those who conclude that this is not a basis for quashing the subpoena.

It is true that, just as a telephone call cannot simply be traced by knowing the identity of the person who pays the bill for a particular telephone number, so a discrete act of participation in a swarm cannot be traced simply by knowing the identity of the person who pays for the internet service at a particular address. Anyone in the household – family member or guest – could have accessed the telephone number, and a similar statement can be made about internet

2

access. It is not always the case that the person who pays the bill for internet service is the person who used the computer at a given time.

Beginning with the account holder is, however, a start, and in the circumstances presented in copyright infringement cases where the infringers' identities are hidden, it is the only possible way to start. The Court knows of no other method for a copyright holder to begin to protect its copyright when the BitTorrent protocol is the alleged method of infringement.

Moreover, at this stage of the litigation, the concern that someone else may have somehow gained access to the Doe's computer is essentially a denial of personal liability. It goes to the merits of the claim, not to the validity or enforceability of the subpoena. *Malibu Media v John does 1-14*, *3 [citing cases]. Raising this issue now is premature.

### III. CONCLUSION

For the reasons stated herein, the motion to quash is GRANTED IN PART AND DENIED IN PART. Interpretation and enforcement of this Order is as stated in the other Order entered this date. Plaintiff shall, however, provide a copy of this Order to the ISP within 7 days of this date, and the ISP shall provide a copy of the Order to John Doe #4 within 7 days thereafter.

ENTERED: February 11, 2013

                                      s/ John A. Gorman

                                    JOHN A. GORMAN
                        UNITED STATES MAGISTRATE JUDGE